IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID MINOR,

    Plaintiff,

v.                                                       Civ. No. 21-237 SMV/GBW

LUIS ALBERTO RAMIREZ
JUAREZ, *et al.*,

    Defendants.

## ORDER DECLARING THAT CROWE FOREIGN SERVICES IS AN AUTHORITY COMPETENT UNDER THE LAW OF THE UNITED STATES TO REQUEST SERVICE FROM THE CENTRAL AUTHORITY OF THE REPUBLIC OF MEXICO

THIS MATTER comes before the Court on Plaintiff's Motion to Appoint Crowe Foreign Services as International Process Server. *Doc. 7*. Having reviewed the motion and being fully advised in the premises, the Court GRANTS the motion in part and DECLARES that Crowe Foreign Services is an authority competent under the law of the United States to forward a request for service to the Central Authority of the Republic of Mexico.

**I. BACKGROUND**

On or about July 22, 2019, Plaintiff and Defendant Luis Alberto Ramirez Juarez were involved in an automobile accident in Santa Teresa, New Mexico, during which Defendant allegedly drove a truck into the rear of Plaintiff's truck while the latter was stopped at a railroad crossing. *Doc. 1-3* at ¶ 8. On January 28, 2021, Plaintiff filed a

complaint in the 171st District Court in El Paso County, Texas, in which he asserted various tort claims against Defendant Luis Alberto Ramirez Juarez and Defendant Maribel Ramirez Juarez d/b/a Transportes Jireh. *Id.* at ¶¶ 10–23.

On March 5, 2021, Defendant Luis Alberto Ramirez Juarez removed Plaintiff's complaint to the U.S. District Court for the Western District of Texas based on Defendants' purported domicile in Ciudad Juarez, Chihuahua, Mexico. *Doc. 1* at 3. On March 16, 2021, the U.S. District Court for the Western District of Texas transferred the case to this Court. *Doc. 4*.

On April 26, 2021, Plaintiff filed the instant motion requesting that the Court appoint Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon 97025 and its agents "as the authority and judicial officer competent under the Jurisdiction of the Court to forward to the Central Authority of the Republic of Mexico any and all documents to be served on Defendant Maribel Ramirez Juarez d/b/a Transportes Jireh." *Doc. 7* at 2–3 (all capitals omitted).

## II. ANALYSIS

Under U.S. law, Crowe Foreign Services does not require a court order to request the Central Authority of the Republic of Mexico to effect service on Defendant Maribel Ramirez Juarez d/b/a Transportes Jireh. The Hague Convention is a multilateral, international treaty that establishes a regime for service in signatory countries like the Republic of Mexico and the United States of America. *See Volkswagenwerk*

*Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988); Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"). It requires each of its signatories to "establish a central authority to receive requests for service of documents from other countries" and authorizes an "authority or judicial officer competent under the law of the State in which the documents originate" to request service from the central authority. *Schlunk*, 486 U.S. at 698–99 (citing Hague Convention art. 2); Hague Convention art. 3.

Article 3 of the Convention "leaves it to the *requesting State* to determine who qualifies as a competent authority or judicial officer." *Micula v. Government of Romania*, No. 17-cv-02332 (APM), 2018 WL 10196624, at *4 (D.D.C. May 22, 2018) (unpublished) (citing Hague Conference on Private International Law, *Practical Handbook on the Operation of the Hague Convention* 43 (4th ed. 2016)); *see also Marschhauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 608 (S.D. Fla. 1992); *Greene v. Le Dorze*, No. CA 3-96-CV-590-R, 1998 WL 158632, at *2 (N.D. Tex. Mar. 24, 1998) (unpublished). U.S. Courts look to Federal Rule of Civil Procedure 4(c)(2) to determine who is competent to request service from a central authority. *See, e.g.*, *Micula*, 2018 WL 10196624, at *4; *Marschhauser*, 145 F.R.D. at 608–09; *Greene*, 1998 WL 158632, at *2. It provides that "any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).

Agents of Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon 97025 satisfy the requirements of Federal Rule of Civil Procedure 4(c)(2) so long as they are at least eighteen years of age. Therefore, under U.S. law, Crowe Foreign Services does not require an order of appointment to request the Central Authority of the Republic of Mexico to serve process on Defendant Maribel Ramirez Juarez d/b/a Transportes Jireh. *See Greene*, 1998 WL 158632, at *2 (holding that an agent of Crowe Foreign Services was competent to forward documents to the Central Authority of France since he was authorized to serve process in the United States).

## III. CONCLUSION

United States law does not require the Court to appoint Crowe Foreign Services and its agents as an authority or judicial officer for them to request the Central Authority of the Republic of Mexico to serve process on Defendant Maribel Ramirez Juarez d/b/a Transportes Jireh. The Central Authority of the Republic of Mexico, however, may interpret Article 3 differently and object to any request made by Crowe Foreign Services and/or its agents for want of authority to do so. *See* Hague Convention art. 4. Out of an abundance of caution and to avoid potential delay of service on Defendant Maribel Ramirez Juarez d/b/a Transportes Jireh arising from any objection by the Central Authority of the Republic of Mexico to the authority of Crowe Foreign Services and its agents to request service absent a court order authorizing them to do so, IT IS HEREBY DECLARED that Crowe Foreign Services is an authority competent

under the law of the United States to forward a request for service to the Central

Authority of the Republic of Mexico.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE